# IN THE COURT OF APPEALS OF IOWA

No. 19-1164
Filed September 11, 2019

**IN THE INTEREST OF J.S.,**
**Minor Child,**

**M.S., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Heidi Young of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, LLP, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

ConGarry D. Williams of State Public Defender Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A child was removed from parental custody based on the parents' substance abuse as well as concerns that the child's health and hygiene were being compromised. The mother admitted to using methamphetamine around the time of removal. Both parents stipulated to the child's adjudication as a child in need of assistance. The child remained out of parental custody through termination hearings eighteen months later.

The juvenile court terminated both parents' rights. Only the mother appeals. She contends (1) the State failed to prove the ground for termination cited by the court and (2) termination was not in the child's best interests.

## I.      Grounds for Termination

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2019), which requires proof of several elements, including proof the child cannot be returned to the parent's custody. The court found the mother "made progress regarding her substance abuse issues, including sustained sobriety." Nonetheless, the court determined the child could not be returned to her custody because the mother remained in a relationship with "someone who was actively using illegal substances" and had "unresolved domestic violence issues." The record supports the court's findings and determination.

Although the mother used methamphetamine at the time of removal, she testified her drugs of choice were opiates, specifically hydrocodone and oxycodone. She completed treatment for her opiate addiction several months before the termination hearings and largely maintained her sobriety thereafter. Her

progress prompted the department of human services to transition her from a supervised to a semi-supervised visitation plan with her child.

Implementation of the plan was short-lived. Following an overnight visit, the child disclosed that a man with whom the mother had an "on-again, off-again relationship" was present in the mother's home. The man twice assaulted the mother two years earlier and was ordered to have no contact with her. Although the no-contact order had expired, the mother understood that the department expected her to avoid reviving the relationship in light of his history of domestic violence, substance abuse, and child abuse. She also understood visitation would remain supervised if she reengaged with him. Her understanding of the department's expectations was so clear that when she was confronted with the child's disclosure, she lied about the relationship.

At the termination hearing, the mother acknowledged the relationship and reaffirmed her intent to remain with the man even if it would jeopardize her prospects of reunification with the child. Although she later stated she would end her involvement with him if the child were returned to the home, her response when asked why she had not done so up to that point left little doubt about where her loyalties lay.

We conclude the State proved the child could not be returned to the mother's custody at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018).

## II.    *Best Interests*

Termination must also be in the child's best interests. *See* Iowa Code § 232.116(2). The mother was granted a six-month extension to work toward

reunification. She allowed contact between the child and her boyfriend during the extension period. Her conduct compromised the child's safety. We agree with the juvenile court that termination was in the child's best interests.

**AFFIRMED.**